UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-10109-MOORE/DAMIAN

**REYGAN BOURGAULT**,
*and two minor children*,

    Plaintiff,

v.

**CHARLES BRITT**, *et al.*,

    Defendants.
_____/

## ORDER TO AMEND

THIS CAUSE is before the Court following a referral by the Honorable K. Michael Moore, United States District Judge, to the undersigned to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. [ECF No. 9]. *See* 28 U.S.C. § 636(c).

THE COURT has reviewed the *pro se* Complaint filed in this matter, the pending Motions, and the pertinent portions of the record and is otherwise fully advised in the premises. Upon screening the Complaint and reviewing the applicable law, the Court finds that it may lack subject matter jurisdiction over this action. Accordingly, Plaintiff must file an amended complaint that demonstrates a basis for the Court's jurisdiction over this case.

    **I.    BACKGROUND**

On December 14, 2023, Plaintiff, Reygan Bourgault ("Plaintiff"), filed a *pro se* Complaint against the State of Florida, the City of Key West, Monroe County, an assistant state attorney, a state court trial judge, and other state agency officials, alleging misconduct

and other violations arising from custody proceedings involving her two minor children. [ECF No. 1]. In the Complaint, Plaintiff alleges the Court has jurisdiction over this action based on 28 U.S.C. § 1331, or federal question jurisdiction. *Id.* at 4.

In the five days since commencing this action, Plaintiff has filed the following six[1] Motions:

- Motion for Referral to Volunteer Attorney Program [ECF No. 5];

- Motion to File Sealed Complaint, in which Plaintiff requests the Complaint [ECF No. 1] be sealed based on "fear of retaliation" [ECF No. 6];

- Verified Motion to Request Summons by Marshall [ECF No. 7];

- Motion to Amend/Correct Complaint and Case Style [ECF No. 10];

- Verified *Emergency* Motion for Order of Emergency Child Pick Up Order by Jurisdictional Enforcement, in which Plaintiff requests that her children be returned to Broward County without further delay [ECF No. 11]; and

- Verified *Emergency* Motion for Order to Show Cause, and Order Temporary Emergency Stay, in which Plaintiff requests an order to show cause and a stay of a Termination of Parental Rights (TPR) hearing scheduled for December 20, 2023 in Monroe County [ECF No. 12].

## II. APPLICABLE LEGAL STANDARDS

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(e)(2); *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) ("[D]istrict courts have the

---

[1] Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 3], which the Court granted by separate Order. [ECF No. 13].

power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike." (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999))). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. *Id.*

In addition to its obligation to screen a complaint filed by a litigant proceeding *in forma pauperis*, the Court must always assure it has jurisdiction over a case and "must inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). Federal courts are courts of limited jurisdiction. *See Kokken v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); Fed. R. Civ. P. 12(h)(3). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

The allegations in a *pro se* litigant's pleadings must be construed more liberally than those in pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) ("*pro se* pleadings are held to a less stringent standard than those pleadings drafted by attorneys and will, therefore, be liberally construed") (citations omitted). However, "this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.

1998) (citations omitted). Although the Court is required to show leniency to a *pro se* plaintiff's pleadings, her complaint is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Therefore, *pro se* complaints must "comply with the procedural rules that govern pleadings." *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).[2]

### III.  DISCUSSION

Plaintiff's Complaint asserts a claim "involving moral turpitude and misconduct of various officials and employees" arising from child custody proceedings. Complaint at 5. Plaintiff seeks immediate reunification with her children, punitive damages, and a full administrative investigation. *Id.* As noted above, Plaintiff alleges the Court has jurisdiction over the instant action based on federal question jurisdiction. *Id.* at 4. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff, however, does not list any specific federal statutes, federal treaties, or provisions of the United States Constitution that are at issue in this case. Moreover, it does not appear that Plaintiff's Complaint meets the requirements of diversity jurisdiction for this case to proceed.

---

[2] To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ." Fed. R. Civ. P. 8(a). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). To state a plausible claim for relief, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Based on a review of the Complaint, there does not appear to be a basis for subject matter jurisdiction based on federal question (or any other basis), and, therefore, an amended complaint is necessary.[3]

## IV.   CONCLUSION

Based on the foregoing, Plaintiff is instructed to follow the directives set forth in this Order if Plaintiff still wishes to pursue this action. Thus, it is hereby

ORDERED that on or before **January 9, 2024**, Plaintiff must file an amended complaint that demonstrates a basis for federal question jurisdiction under 28 U.S.C. § 1331 or otherwise properly alleges a basis for this Court's subject matter jurisdiction over this case. Plaintiff is warned that failure to file the amended complaint on time and in compliance with this Court's Order will result in dismissal of this case for failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b). It is further

ORDERED AND ADJUDGED that Plaintiff's Motion to File Sealed Complaint [ECF No. 6] is **DENIED** for failure to comply with Southern District of Florida Local Rule 5.4(b)(1), which governs the procedure for filing under seal in civil cases. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion to Amend/Correct Complaint and Case Style [ECF No. 10] is **DENIED AS MOOT** in light of the instant Order

---

[3] While further review might ultimately reveal that Plaintiff's claims are frivolous or fail to meet federal pleading standards, the Court will not "delve into these issues until it is clear it has jurisdiction to adjudicate them." *Dada v. Andross*, No. 23-cv-22770, 2023 WL 4846610, at *2 (S.D. Fla. July 28, 2023) (Ruiz, J.); *see also Trotter v. Ayres*, 604 F. App'x 906 (11th Cir. 2015) (affirming district court's dismissal for lack of subject matter jurisdiction where plaintiff "endured a lengthy custody battle" over her daughter and filed an action in federal district court alleging the custody order was procured through the fraudulent actions of her attorneys, the guardian ad litem, and the state court trial judge who entered the order, among others").

directing Plaintiff to file an amended complaint that properly alleges a basis to invoke this Court's subject matter jurisdiction. It is further

ORDERED AND ADJUDGED that Plaintiff's remaining Motions, including the Verified Emergency Motion for Order of Emergency Child Pick Up Order by Jurisdictional Enforcement [ECF No. 11] and Verified Emergency Motion for Order to Show Cause, and Order Temporary Emergency Stay [ECF No. 12], are **DENIED WITHOUT PREJUDICE** to refile should the Court determine there is a basis for federal subject matter jurisdiction.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of December, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. K. Michael Moore, *U.S. District Judge*

Reygan Bourgault, *Pro se*
1801 Polk St.
Hollywood, FL 33022
Email: reygan@reyganb.com