UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-10109-MOORE/REID

REYGAN BOURGAULT,
*and 2 minor children*

      Plaintiff,

v.

CHARLES BRITT, *et al.*,

      Defendants.
_____/

## REPORT AND RECOMMENDATION DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT

This cause is before the Court following a referral by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and provide a Report and Recommendation on any dispositive matters. [ECF No. 18]. *See* 28 U.S.C. § 636(c).

Plaintiff Reygan Bourgault was ordered to amend her *pro se* Complaint after an initial screening pursuant to 28 U.S.C. §§ 1915A(a), 1915(e)(2) where the Court found it lacked subject matter jurisdiction over this action. [ECF No. 14]. Plaintiff subsequently filed a *pro se* Amended Complaint [ECF No. 15]. Having screened the Amended Complaint, for the reasons set forth below, the undersigned **RECOMMENDS** that Plaintiff's Amended Complaint be **DISMISSED,** and all pending motions **DENIED** as moot.

### I. Background

Plaintiff sued two state attorneys, Chief Judge Bonnie J. Helms of the Sixteenth Judicial Circuit of Florida, and a supervisor at Wesley House, a not-for-profit foster care/family services

organization. [ECF No. 1 at 2]. As best that can be determined from Plaintiff's *pro se* Amended Complaint, Plaintiff contends the Defendants took her children without cause. [*Id.* at 5]. Plaintiff first brought this case in the Southern District of Florida under federal question and diversity of citizenship subject-matter jurisdiction. *See generally* [ECF No. 1]. She argues "numerous violations by numerous individuals [and] agencies abusing authority [and] diminishing US/[Florida] Law [sic] damaging public trust and integrity." [*Id.* at 4]. Plaintiff demands $150,000,000 in damages. [*Id*. at 5]. She seeks: "1) immediate reunification without further process—ordered[;] 2) punitive damages settled[;] 3) full administrative investigation [and] prosecution—accordingly." [*Id.*].

She was ordered by this Court to amend her complaint [ECF No. 14 at 1], and in the Amended Complaint, now adds the United States as a defendant and brings this lawsuit under federal question jurisdiction only. *See generally* [ECF No. 15]. The Court also granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). [ECF No. 13].

Plaintiff's Amended Complaint alleges "[t]he consistent and repeated denials and violations of (including, not limited to) [c]ivil, [c]onstitutional, and [p]arental [r]ights of [P]laintiffs, as well as ignoring the Demands for Relief which [P]laintiff has notified several government officials of her intentions to file a lawsuit in lieu of a response and relief[]." [ECF No. 15 at 4] (emphasis deleted). She now demands $500,000,000 in damages and a "full investigation" into Wesley House's alleged wrongdoing. *See* [*Id*. at 12, 22].

## II.   Standard of Review

Pursuant to 28 U.S.C. § 1915(a)(1), the Court can authorize the commencement of a lawsuit without prepayment of the filing fee if the litigant submits an affidavit the includes a statement of all assets and that the person is unable to pay the fees. *See Martinez v. Kristi Kleaners, Inc*., 364

F.3d 1305, 1306 n.1 (11th Cir. 2004) (explaining that § 1915(a)(1) applies to all persons requesting leave to proceed IFP).

A district court may, however, deny a motion for leave to proceed *in forma pauperis* if it determines the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Indeed, "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The Supreme Court in *Neitzke v. Williams*, 490 U.S. 319, 317 (1989), explained:

> Section 1915(d)[1] has a separate function, one which molds rather differently the power to dismiss which it confers. Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

If a plaintiff's claim has merit, Section 1915 of United States Code Title 28 provides that a court may authorize a person who is unable to pay court fees to commence suit if the litigant is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1).

### III.   Analysis

a)   frivolous pleadings

Even where a court grants *pro se* litigants more leeway than attorneys, *see Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014), they are not immune from foreclosure of their claims when considering frivolous pleadings or grievous procedural issues. *See Carroll v. Gross*,

---

[1] 28 U.S.C. § 1915(d) has since been replaced by 28 U.S.C. § 1915(e)(2)(B). *See* Pub.L. No. 104–134, § 804(a)(5), 110 Stat. 1321, 1321–74 (1996); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

984 F.2d 392, 393 (11th Cir. 1993). In fact, the IFP statute itself states that "the court *shall* dismiss the case at any time if the court determines that — [plaintiff] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added); *Rush v. CarMax Auto Superstores, Inc.*, No. 20-14719, 2021 WL 3418839, at *2 (11th Cir. Aug. 5, 2021) ("a district court shall dismiss a case brought IFP at any time if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted."); *see also* Fed. R. Civ. P. 12(b)(6).

Plaintiff appears to allege that her children were taken away from her, though it is unclear by whom, "in retaliation for her disobedience of coercion." [*Id.*] (internal quotation marks removed). She alludes to "unacceptable acts taken by DCF and Wesley House of Key West" without facts that the Court can decipher. [*Id.* at 12]. Plaintiff then provides a litany of allegations against the Defendants including defamation, kidnapping, arson, robbery, and child abuse with malicious intent. *See generally* [ECF No. 15].

Based on Plaintiff's inability to pinpoint specific laws or rights violated, and the Complaint's overall lack of sense, the Court is forced to find this suit frivolous and should be dismissed on all counts and against all defendants. Unfortunately, this action "has little or no chance of success as the barebone detail in the complaint are 'clearly baseless' and legal theories 'indisputably meritless.'" *Carroll*, 984 F.2d at 393 (quoting *Neitzke,* 490 U.S. at 327).

b) <u>lack of subject-matter jurisdiction</u>

Cases in federal court usually begin with one question: Is there subject-matter jurisdiction? That is, whether a federal court has authority to hear this case. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see also* Fed. R. Civ. P. 12(h)(3). A court has subject-matter jurisdiction when a plaintiff's complaint is based on a "federal question." *See Thermoset Corp. v.*

4

*Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017); 28 U.S.C.A. § 1331 (West) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Dismissal is warranted if a "plaintiff's federal claim [has] 'no plausible foundation, or . . . the court [must] conclude[] that a prior Supreme Court decision clearly forecloses the claim.'" *Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1035 (11th Cir. 2022) (quoting *Barnett v. Bailey*, 956 F.2d 1036, 1041 (11th Cir. 1992)).

The Court is without subject-matter jurisdiction in this case. Nothing in Plaintiff's near one hundred causes of action, [ECF No. 15 at 6–10], tie her Complaint to questions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (West). From the Court's view, these allegations concern common law torts and thinly veiled constitutional issues. Accordingly, this matter should be dismissed.

    c) <u>immunity concerns</u>

Even assuming that Plaintiff's Complaint was well-pleaded and that the Court retains subject-matter jurisdiction, several of the defendants are immune from suit. Judges enjoy absolute immunity from suit involving their "truly judicial acts" while on the bench. *Forrester v. White*, 484 U.S. 219, 227 (1988). To determine judicial acts from unprotected non-judicial acts, a court must "look to the particular act's relation to a general function normally performed by a judge. *Mireles v. Waco*, 502 U.S. 9, 13 (1991) (per curiam); *see also Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) ("Judicial immunity exists even where a judge acts corruptly or with malice."). The judge is immune when making discretionary decisions in their official capacity. *See* Howard M. Wasserman, *Understanding Civil Rights Litigation* § 5.09, at 100 (2d ed. 2018). As the facts are presented here, Judge Helms would be immune from Plaintiff's suit as her acts were entirely a part of her judicial function to resolve disputes. *See Forrester*, 484 U.S. at 227. Plaintiff's reason

for suing Judge Helms seems to come from a hearing that did not go in her favor. *See* [ECF No. 15 at 20].

Prosecutors also possess absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 426 (1976). Absolute immunity can shield a prosecutor from suit when their actions are "intimately associated with the judicial phase of the criminal process . . . ." *Id.* at 430. *But see Kassa v. Fulton Cnty., Georgia*, 40 F.4th 1289, 1293 (11th Cir. 2022) (the assistant district attorney did not have absolute prosecutorial immunity because her professional judgment was not needed when she failed to notify the judge to cancel a material witness's warrant post-trial). Here, nothing in the Complaint indicates that the state attorneys went outside their scope as prosecutors. Therefore, they are immune from suit.

The Court is certainly sympathetic to Plaintiff's claims. But it is forced to find that this suit should be dismissed against the judge and the state attorneys based on the facts above. *See Rush*, 2021 WL 3418839, at *2.

### IV.    Recommendation

For these reasons, this Court **RECOMMENDS** that Plaintiff's Amended Complaint be **DISMISSED** and Plaintiff's pending Motion for Referral to Volunteer Attorney Program, [ECF No. 16], and all other motions be **DENIED** as moot, and the case closed.

Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F. 3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 9th day of April 2024.

                                                                   _____
                                                                   LISETTE M. REID
                                                                   UNITED STATES MAGISTRATE JUDGE

cc:    **U.S. District Judge K. Michael Moore;**
        **All Counsel of Record**